### LOUISVILLE CITY RAILROAD CO. *v.* ANTONIE BROTZGE.

**Damages—Negligence—Street Railways.**

It is culpable negligence for a street car company operating its cars in a populous city to fail to have on its cars a sufficient number of employes to discharge the duty it owes to the public to use ordinary care to avoid injuring others, and if one person cannot perform the duties of both driver and conductor so as not to endanger the safety of others, it should employ more hands.

**Negligence.**

Notwithstanding the fact that one crossing a street-car track may be guilty of contributory negligence, it is the duty of the driver of a street car to use reasonable diligence to prevent injuring such person.

**Negligence.**

Where a child is playing in the street, and is on the street-car track, and the driver of the car fails to use reasonable diligence in seeing the child or in arresting the car before it ran upon the child, the company is liable.

**Negligence.**

Where a child three or four years old is in the street upon the street-car track, if through carelessness the driver fails to see it, and the car strikes and injures the child, the company is liable if the driver, by exercising reasonable diligence, could have seen it and avoided the injury.

APPEAL FROM JEFFERSON CIRCUIT COURT.

December 8, 1875.

OPINION BY JUDGE COFER:

Antonie Brotzge, an infant about three and a half years old, by

his next friend, brought this action in the Jefferson court of common pleas for injuries sustained in consequence of being run over by one of the defendant's street cars. The defendant denied that the alleged injuries were caused by its negligence, or by the negligence of its agents or servants, and averred that if the plaintiff was injured at all, it was in consequence of his own negligence or carelessness. Verdict and judgment were rendered for the plaintiff, and the defendant has appealed.

The evidence showed that the plaintiff was playing in the street near his father's house, and went upon the defendant's road track, and was there run over by one of its cars and seriously injured. When he was first seen on the track, the car was distant from him about one-half a square, moving at the usual rate of speed; the driver then had his back turned toward his team, and seemel to be making change for a passenger; and it does not appear that he changed his position or looked ahead of his car until after the plaintiff was knocked down and run over. A witness who saw the plaintiff and the car when they were about a half-square apart, tried to attract the attention of the driver, but failed to do so and hollowed to the plaintiff to come off the track, and he started; but before he could get away the train was upon him, and he was injured as stated.

The appellant asked five instructions, all of which were refused, except the first. In the second instruction asked the court was requested to tell the jury that the burden was on the plaintiff to prove that the injury was caused by the negligence of the driver, and that there was no other culpable cause of the injury. If the injury was caused by the negligence of the driver, the plaintiff was prima facie entitled to a verdict; and if there was any cause co-operating with such negligence which would exonerate the defendant, the burden was on it to prove such exculpatory fact, and not on the plaintiff to disprove it.

In the third instruction the court was asked to say to the jury that if the plaintiff was playing in the street traversed by the defendant's railway, and ran upon the track in front of the car and was injured, the law was for the defendant, unless they believed from the evidence that the driver saw the plaintiff's danger and could have avoided injuring him. This instruction was properly refused. It made the liability of the company to depend, not upon the question whether the driver was guilty of negligence, but upon his having seen the plaintiff in time to avoid injuring him. The

jury would have been required, under that instruction, to find for the defendant, unless it appeared that the driver saw the plaintiff in time to stop the car before reaching him, although they might have believed the driver was guilty of negligence in not discovering him on the track in time to stop the car. Whether there was negligence in this respect should have been left to the jury.

The fourth instruction is liable to the same objection. The fifth is in these words: "If the jury believe from the evidence * * * that at the time of the contact between defendant's car and the plaintiff, the driver's attention was directed to the inside of the car to make change, or to perform any other duty assigned him by defendant, as driver of its car, and being so engaged did not see the plaintiff on the track in time to avoid the injury (the accident not happening at a regular or usual crossing), such failure to see the plaintiff under these circumstances was not such negligence in him as would render defendant liable in this action." The defendant had no right to impose on the driver duties, the performance of which would prevent him from using ordinary care to avoid injuring persons or property on the track, and if it did so, while that fact might be an excuse in morals, so far as the driver was concerned, it was no excuse in law for either employer or employe, when sued by a third person for negligence. If the defendant imposed duties upon the driver which prevented him from discharging the duty which he and it owed to the public to use ordinary care to avoid injuring others, this was such a palpable disregard of both legal and social duty as was little short of criminality, and instead of being an excuse for the injury, might well have been treated as an aggravation.

Those who undertake to run cars upon the streets of a populous city are bound to take ordinary care to avoid injuring persons on the streets; and if one person cannot perform the duties of both driver and conductor so as not to endanger the safety of others who have as much right as the owners of streets cars to use the streets, they should employ more hands. The duty to avoid injury to persons must be first attended to, and any duty imposed by the defendant on its driver which interfered with that paramount duty is in and of itself culpable negligence. Whatever may be the true doctrine as to contributory negligence by infants suing for injuries resulting from the alleged negligence of the defendant, and whether or not negligence of the parent in allowing a child devoid of discretion to be exposed to danger, is to be imputed to the child, the de-

fendant in this case has no just ground to complain of the instruction upon this point. The court told the jury that if the plaintiff was but three or four years of age and was permitted to go upon the street unattended, and he ran upon the railway in front of the car and was injured in consequence of having thus exposed himself to danger, or that he contributed to the injury, he could not recover unless the driver, notwithstanding the conduct or contributory negligence of the plaintiff, could, by the use of reasonable diligence, have avoided injuring him. It was certainly the duty of the driver at all times and under all circumstances to use reasonable diligence. What will amount to such diligence in one case may be culpable negligence in another, the amount of vigilance and precaution required to constitute reasonable diligence increasing or diminishing according to the danger to be apprehended.

The jury, by their verdict, determined that the driver did not use reasonable diligence; whether the failure was in not seeing the plaintiff, or in not arresting the car before it ran upon him, is immaterial. The defendant was liable in either case. If, through want of proper care, the driver failed to see the plaintiff, the company is liable if he could, by reasonable diligence, have seen him and avoided the injury; and this the jury have found; or, if he did see him, they have found that he might, by reasonable diligence, have averted the injury, notwithstanding the plaintiff may also have contributed to the injury. We are, therefore, of opinion that the court did not err to the prejudice of the appellant, and the judgment is affirmed.

*Mundy & Parsons, for appellant.   Gibson & Gibson, for appellee.*

