*T. N. & D. W. Lindsey, for appellants.*

*H. P. Montgomery, for appellees.*

---

ROBERT GIBBONS, ET AL., *v.* NORTON IRON WORKS.

**Action for Damages—Negligence.**

Where those operating cars on a railroad track observe a person on the track, who appears capable of taking care of himself, and far enough in advance to have ample time to get off before the car can strike him, the operators have a right to presume that he will leave the track in time to avoid injury, and will not be chargeable with negligence if they act upon such presumption, resulting in injury to the person on the track.

APPEAL FROM BOYD CIRCUIT COURT.

January 25, 1877.

OPINION BY JUDGE LINDSAY:

The empty coal cars were moved on the track controlled and used by the appellee by two men who pushed them from the car. The manner in which this service was performed prevented these men from seeing the track in front of the moving car, and it was therefore impossible that they could guard against the accidental injury of any person who might stand upon the track until the car should be pushed against him. The noise of the furnace and the machinery

connected with the iron works was so great that persons on the track would not be likely to hear an approaching car. These cars were moved at a slow rate of speed, decidedly slower than the ordinary walk of a man.

There were obstructions along the sides of the track at different places, but they did not seriously interfere with a person desirous of crossing. Under these circumstances good faith and a sense of the obligation of reasonable care and prudence did not require the company to keep a look-out on the cars for the protection of persons who might be crossing or standing on the track. The slow rate of speed at which the cars were moved did not endanger the safety of any one, and the company were not bound to anticipate unusual, if not reckless, carelessness upon the part of the persons likely to cross, or be upon the track.

The car by which the appellant was injured was standing still at least one hundred feet from the point at which he started to cross the track. If the two men who pushed it had seen him on the track when they started to move it, they would have had no reason to suppose that he would remain on the track until he was run over. He was ten years of age, was in company with a brother three or four years older, was not unacquainted with the surroundings, nor with the mode in which these cars were propelled. He had sufficient intelligence to protect himself against ordinary dangers, and these men could not have anticipated the exceptional conduct on his part, which led to his injury.

The rule in such a case as this, when applied to a street car owner in the recent case of *Louisville City R. Co. v. Brotzge,* 8 Ky. Op. 556, was stated to this effect: that if a driver sees a person on the track who is apparently capable of taking care of himself, and far enough in advance to have time to get off before the tram car can reach him, the driver has a right to presume that he will leave the track in time to avoid being run over, and he will not be chargeable with negligence if he act upon such presumption, and contrary to the reasonable probability, the person remains on the track and is injured. The same doctrine was announced in the case of the *Louisville C. & L. R. Co. v. Case's Adm'r,* 9 Bush 728, and it is recognized by Wharton in his work on negligence, Sec. 389, and by Shearman & Redfield, Sec. 31.

The movement of appellee's cars was so much slower than the movement of street cars, there was no necessity, real or apparent, for keeping a look-out to watch the track ahead of them. We need

not express an opinion as to the length of time the appellant remained on the track. It is apparent from his own evidence that the servants of the appellee were guilty of no culpable negligence, and that his own unusual and unexpected conduct was the primary and moving cause of the injury complained of.

Such being the case the circuit judge properly instructed the jury to find for the appellee.

Judge Elliott did not sit in this case.

*Elliott & Prichard, for appellants.*

*W. H. Wadsworth, Ireland & Hampton, Moore & Jones, for appellee.*